# EXHIBIT A

CAUSE NO. __C-3412-17-D__

| | | |
|---|---|---|
| BENNY J. WHITE,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | _____JUDICIAL DISTRICT |
| INDIANAPOLIS COLTS, INC.,<br>AND JAMI K. MARTIN,<br>*Defendants.* | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** BENNY J. WHITE, as Plaintiff, complaining of INDIANAPOLIS COLTS, INC. AND JAMI K. MARTIN hereinafter referred to as Defendants, and for cause of action herein would respectfully show unto the Court as follows:

**I.**

<u>**DISCOVERY**</u>

1.1     Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure, Rule 190.

**II.**

<u>**PARTIES**</u>

2.1     Plaintiff is a resident of Hidalgo County, Texas.

2.2     Defendant Jami K. Martin is a resident of Martinsville, Morgan County, Indianapolis, and may be served with process at 1845 Red Fox Ct. E., Martinsville, IN. 46151.

2.3     Defendant Indianapolis Colts, Inc. is a corporation, doing business in the State of Texas at the time of the incident made the basis of this suit and has been served with process to its registered agent, Daniel C. Emerson, 7001 W. 56th St., Indianapolis, IN 46254.

## III.

## JURISDICTION

3.1     The Court has jurisdiction over Plaintiff Benny J. White because Plaintiff is a resident of the State of Texas. The Court has jurisdiction over Defendant Indianapolis Colts, Inc. because Defendant is doing business in the State of Texas. The Court has jurisdiction over the controversy because Plaintiff's damages are within the jurisdictional limits of the court.

## IV.

## VENUE

4.1     Venue is proper in Hidalgo County, Texas. Specifically, venue is proper pursuant to the Texas Civil Practice & Remedies Code, § 15.002 (a) (2), because Plaintiff Benny J. White residence was in Hidalgo County, Texas at the time the cause of action accrued

## V.

## FACTUAL ALLEGATIONS

5.1     On or about October 1, 2015, Plaintiff Benny J. White was in his vehicle traveling southbound on North Median St. entering the intersection of West 116th St. when Defendant driver, Jami K. Martin, was traveling westbound through the intersection of West 116th St. and N. Median St. when colliding violently with Plaintiff's vehicle.

5.2     Due to the forceful impact, the Plaintiff suffered serious, debilitating and permanent personal injuries.

5.3     Each of the aforementioned acts and/or omissions constituted negligence and each was a proximate cause of the ensuing collision and resulting injuries and damages sustained by Plaintiff.

Electronically Filed
7/27/2017 2:55 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-3412-17-D

## VI.

## DEFENDANT'S AGENTS AND EMPLOYEES

6.1     Whenever it is alleged that defendant Indianapolis Colts, Inc. did any act, it is meant that Defendant's employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of such person. Under the doctrine of *Respondeat Superior*, Indianapolis Colts, Inc. are liable to the plaintiff for the conduct or omission of its employees.

## VII.

## NEGLIGENCE OF JAMI K. MARTIN AND INDIANAPOLIS COLTS, INC.

7.1     Plaintiff repeats and incorporates herein the factual allegations stated above as if fully set out and repeated at length.

7.2     At the time of the incident made the basis of this suit, Defendant Jami K. Martin was negligently operating said vehicle which was owned/leased/possessed by Defendant Indianapolis Colts, Inc.

Specifically, Defendant Jami K. Martin had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant breached that duty in one or more of the following ways:

      a.   Failing to timely apply his brakes;

      b.   Failing to maintain a proper lookout;

      c.   Making an improper right turn from the wrong lane;

      d.   Violating the Indianapolis Transportation Code, §9-21-5-2;

  e. Failing to pay proper attention to the roadway and traffic on the roadway; and

  f. Failing to comply with company policies and procedures and the Federal Motor Carrier Safety Regulations/Indianapolis Motor Carrier Safety Regulations.

7.3 Defendant, Indianapolis Colts, Inc.'s, acts and omissions constituted a breach of the duty of ordinary care owed by Defendant Indianapolis Colts, Inc. to Plaintiff. Defendant Indianapolis Colts, Inc. breached that duty in one or more of, but not limited to, the following ways:

  a. Failing to hire qualified and experienced drivers;

  b. Failing to properly train its drivers;

  c. Failing to provide drivers with periodic driver training/driver safety training;

  d. failing to provide appropriate remedial driving training/driver safety training;

  e. Failing to provide sufficient disciplinary action to their drivers to deter and prevent future incidents, accidents and collisions involving Defendants' drivers;

  f. Allowing an unsafe driver to operate one of their tractor-trailers

  g. Failing to properly supervise their drivers;

  h. Negligently retaining Jami K. Martin as a driver for Indianapolis Colts, Inc.;

  i. Violating the Code of Federal Regulations/Indianapolis Motor Carrier Safety Regulations; and

  j. Failing to observe and follow the company policies and the Federal Motor Carrier Safety Regulations/Indianapolis Motor Carrier Safety Regulations.

7.4. Defendant Indianapolis Colts, Inc., entrusted said vehicle to Defendant Jami K. Martin. Defendant Jami K. Martin was an incompetent, reckless and/or unqualified driver.

7.5     Defendant Indianapolis Colts, Inc., knew or should have known Defendant Jami K. Martin was an incompetent, reckless and/or unqualified driver.

7.6     Defendant Indianapolis Colts, Inc. could have anticipated that entrusting a vehicle to an incompetent, reckless and/or unqualified driver would result in injury to the general driving public, including Plaintiff Benny J. White.

7.7     Defendant Jami K. Martin's negligence proximately caused injury and damages to the Plaintiff. Those injuries and damages are set forth below in paragraph VIII.

## VIII.

## DAMAGES

8.1     Each and all of the above stated acts and/or omissions constitute negligence and/or *negligence per se* and the same are a proximate cause of the serious injuries sustained by the Plaintiff.

8.2     As a result of Plaintiff's injuries, Plaintiff has suffered the following damages:

    a.     Physical pain and mental anguish in the past and future;

    b.     Physical impairment in the past and future;

    c.     Medical expenses in the past and future; and

    d.     Loss of earning capacity in the past and future.

8.3     Although no amount of money will restore the Plaintiff to the same physical and mental condition he was in prior to the incident made the basis of this suit, Plaintiff seeks monetary relief over $1,000,000.00.

## IX.

## REQUEST FOR TRIAL BY JURY

9.1     Plaintiff respectfully requests of this honorable court a trial by jury of his peers to

fully and finally resolve this matter. The jury fee has been tendered.

X.

## REQUESTS FOR DISCLOSURE TO DEFENDANT

10.1  Plaintiff Benny J. White makes this Request for Disclosure to Defendants, and pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 (a) through (l) of the Texas Rules of Civil Procedure.

XI.

## PRAYER FOR RELIEF

11.1  **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer this petition, and that on final hearing of this cause, Plaintiff have and recover judgment against the Defendants for:

- a. Actual damages;
- b. Pre-judgment interest at the maximum legal rate;
- d. Post-judgment interest at the maximum legal rate;
- e. Costs of court; and,
- f. Such other and further relief, in law or equity, general and specific, to which Plaintiff may be duly and justly entitled.

Respectfully submitted,

HERRMAN & HERRMAN, PLLC
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Telephone: (361) 883-7705
Telecopier: (361) 883-7957
Email: ststaha@herrmanandherrman.com

By: _____
Jonathan Garza
State Bar No.24069766

E-Service Email:
litigation@herrmanandherrman.com